UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DONALD MALONE,

        Plaintiff,                          Case No. 2:09-cv-260

v.                                                       Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## **OPINION**

Plaintiff Donald Malone, an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections (MDOC) employees Director Patricia Caruso, Straits Correctional Facility Warden Greg McQuiggin, Baraga Correctional Facility Warden Gary Capello and Chippewa Correctional Facility Deputy Warden John Boynton. Plaintiff's complaint alleges that his wife, Patricia Malone, was harassed during visits to the Straits Correctional Facility, and accused of drug smuggling. Plaintiff wrote acting Warden Boynton seeking a hearing to redress his grievance and to avoid court action. Plaintiff complained that Defendant Boynton acknowledged that the drug smuggling allegations were "administrative comments" and denied Plaintiff's request for a hearing. Plaintiff complains that Defendant Boynton then retaliated against him "by proliferating the negative allegations, that was solely on the visitors tracking system, to the plaintiff's unit, record office, and institutional files for counselors, unit officers, and other MDOC employees to see without due process of law."

Plaintiff claims that Defendant Warden McQuiggin retaliated against Plaintiff by revoking his wife's visiting privileges for no reason other than the fact that she was on probation for a felony. Plaintiff complains that his wife was on the approved visitor list from December 2003, until September 12, 2008, without any violation of rule or policy. Plaintiff's wife sent an application for visitation and a letter of approval from her probation agent. Plaintiff was placed in detention on September 24, 2008, for assault and having a cell phone which was considered dangerous contraband. Plaintiff's wife's visitation request was denied as a threat to safety and security of the facility. Plaintiff claims that his wife had nothing to do with his misconduct. Plaintiff was transferred to Baraga Correctional Facility and his wife was again denied visitation at that facility.

Defendants Caruso, Capello and McQuiggin have moved for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there

is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has sued Defendant Caruso because she is the Director of the MDOC and has supervisory responsibility over the other Defendants. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim

3

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, Plaintiff must show that Defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990). Defendant Caruso is dismissed from this action, because Plaintiff has named her as a defendant solely because she is the Director of the MDOC.

Plaintiff asserts that his wife's visitation privileges were denied in retaliation for his grievances. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

4

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's wife was removed from the visitation list on September 12, 2008, based upon her felony conviction. Under MDOC visitation policy, an individual who is approved for visitation will be removed once information is received that the individual no longer meets eligibility requirements. MDOC policy does not allow felony parolees or probationers to visit prison facilities. However, an exception is made for an immediate family member who provides written approval from their supervising agent and gains approval from the Warden prior to visiting. Plaintiff's wife provided correspondence on October 15, 2008, indicating that her interviewer had told her she could visit her husband. Plaintiff's wife provided a new visitor application on September 23, 2008, which included a letter from her probation officer that raised no objections to her visit. On September 24, 2008, Plaintiff received a misconduct ticket for an assault on staff which occurred while staff was attempting to have Plaintiff turn over a cell phone, which is considered contraband and not allowed in the prison. Plaintiff was placed in administrative segregation and transferred to a new facility. Plaintiff was found guilty of misconduct. On October 3, 2008, Plaintiff's wife was informed that her visitor application was denied due to safety and security needs of the prison in light of Plaintiff's misconduct violations. Plaintiff was transferred to Baraga Maximum Correctional Facility and Plaintiff's wife's application for visitation was reviewed on January 12, 2009. That application was denied, in part, because Plaintiff's wife had engaged in prohibited conduct during her visits at the Straits Correctional Facility including sexual misconduct with another prisoner. Accordingly, it is clear that the revocation of Plaintiff's wife's visitation privileges was not a retaliatory act.

Similarly, Plaintiff's claim that his procedural due process rights were violated by the denial of his wife's visitation privileges cannot be supported by fact or law. Plaintiff claims that

5

Defendants did not properly follow MDOC policies in denying his wife visitation rights and that the restriction on felony probationer's prison visitation is unreasonable. Plaintiff also asserts that the fact that he successfully smuggled a cell phone into the prison and assaulted a prison guard had nothing to do with his wife.

Plaintiff concedes that his visitation rights and freedom of association are subject to restriction for legitimate penological concerns. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984). In *Bazzetta v. McGinnis*, 124 F.3d 774 (6th Cir 1997), the Sixth Circuit noted that:

> [P]roblems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84-96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Moreover, where, as here, a state penal system is involved, federal courts have "additional reason to accord deference to the appropriate prison authorities." *Turner, supra*, 482 U.S. at 86 (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)).

*Id.* at 779.

Moreover, where limitations on prison visitation rights are reasonably related to legitimate penological interests, the effect of these regulations upon persons outside the prison is largely irrelevant. *Id.* at 780. Plaintiff has failed to explain how Defendants violated his procedural due process rights. The denial of Plaintiff's wife's visitation privileges was directly related to her probation felony status. Her subsequent application was denied because she failed to properly disclose a prior rules infraction involving visitation, and because Plaintiff had successfully smuggled a cell phone into the prison. Clearly, the prison had a legitimate penological interest in denying Plaintiff's wife's visitation application.

To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of*

6

*State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability). Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendants are entitled to qualified immunity.

Accordingly, Defendant Caruso, Capello and McQuiggin's Motion for Summary Judgment (Docket #27) is granted.[1]

An Order consistent with this Opinion will be entered.


Dated:   3/2/2011                                         /s/ R. Allan Edgar
                                                         R. ALLAN EDGAR
                                                         UNITED STATES DISTRICT JUDGE

---

[1] The court notes that there is a pending motion for summary judgment filed by Defendant John Boynton on February 17, 2011, that is not addressed by this opinion.