UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DONALD MALONE, #197567,

        Plaintiff,                     Case No. 2:09-cv-260

v.                                      Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## MEMORANDUM

Plaintiff Donald Malone, an inmate currently confined at Marquette Branch Prison (MBP), filed this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 against defendants Michigan Department of Corrections Director Patricia Caruso, Straits Correctional Facility Warden Greg McQuiggin, Baraga Correctional Facility Warden Gary Capello, and Chippewa Correctional Facility Deputy Warden John Boynton. On March 2, 2011, the Court entered an Opinion [Doc. No. 48] and Order [Doc. No. 49] granting defendants Caruso, Capello, and McQuiggin's motion for summary judgment. Presently before the Court is defendant Boynton ("Defendant")'s Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Doc. No. 44. The Court has reviewed this motion and its accompanying brief [Doc. No. 45], along with Plaintiff's reply [Doc. No. 54, 55], and the matter is now ready for decision.

*Standard of Review*

Summary judgment is appropriate only if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Van Gorder v. Grand Trunk*

*Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). Material facts are those facts that might affect the outcome of the action under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995).

In deciding a summary judgment motion, the Court must view the facts in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to Plaintiff. *Anderson*, 477 U.S. at 251-52; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court cannot weigh the evidence, judge credibility of witnesses, or determine the truth of matters reasonably in dispute. *Anderson*, 477 U.S. at 249; *Talley*, 61 F.3d at 1245.

Defendant bears the initial burden of demonstrating there are no genuine issues of material fact in dispute. Defendant may satisfy this burden either by presenting affirmative evidence that negates an essential element of Plaintiff's claim, or by demonstrating the absence of evidence to support a claim. *Celotex*, 477 U.S. at 325; *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). Once Defendant meets this initial burden, Plaintiff is required to come forward with probative evidence and facts to support his claim and show that a trial is necessary to resolve a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 249; *Van Gorder*, 509 F.3d at 268. A scintilla of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 251-52. Rather, there must be admissible evidence on which a reasonable jury could find in Plaintiff's favor. *Anderson*, 477 U.S. at 252; *Van Gorder*, 509 F.3d at 268.

*Facts*

2

In his complaint, Plaintiff alleges that his wife, Patricia Malone, was harassed during visits to the Straits Correctional Facility because of unfounded allegations of possible drug smuggling. Doc. No. 5, p. 2. On May 13, 2008, Plaintiff wrote Defendant and informed him of the allegations of drug smuggling against himself and his wife, along with his being harassed, discriminated against, and denied due process. Doc. No. 5, pp. 2-3. In response, Defendant acknowledged the drug smuggling allegations as "administrative comments" and denied Plaintiff's request for a hearing regarding the inclusion of these comments in the visitor tracking system. Doc. No. 5, p. 3. Plaintiff alleges that Defendant then intentionally retaliated against Plaintiff "by proliferating the negative allegations, that was solely on the visitors tracking system, to the Plaintiff's unit, record office, and institutional files for counselors, unit officers, and other MDOC employees to see without due process of law." *Id.* Plaintiff's complaint appears to allege the following three claims: (1) an Eighth Amendment claim for failure to protect Plaintiff from harassment and discrimination;[1] (2) a procedural due process claim based on Defendant's failure to grant him a hearing; and (3) a First Amendment retaliation claim. Plaintiff filed this suit, requesting injunctive relief and damages. Doc. No. 5, p. 7.

*Eighth Amendment*

Defendant argues that he is entitled to summary judgment on Plaintiff's Eighth Amendment claim regarding his response to Plaintiff's May 13 letter because Plaintiff has alleged insufficient personal involvement on Defendant's part. Doc. No. 45, p. 6 of 13. As this Court stated in its previous Opinion in this case:

---

[1] It is not entirely clear what constitutional right Plaintiff is arguing has been violated in this first claim. In construing Plaintiff's complaint liberally, the Court finds that Plaintiff appears to be attempting to show a violation of his Eighth Amendment rights.

> Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. . .
>
> Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g., Leach* [*v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)]; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g., Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). . . [M]erely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd.* 849 F.2d 228 (6th Cir. 1988).

Doc. No. 48, pp. 3-4. To the extent that Plaintiff asserts a claim against Defendant for his failure to take action after learning of the drug smuggling allegations and the harassment and discrimination that Plaintiff had allegedly experienced, Plaintiff fails to show that Defendant was liable as a supervisory official. Plaintiff does not allege that Defendant played any role in the discrimination or harassment, or in the writing of the allegations on the visitor tracking system. In short, there is no evidence that indicates that Defendant "implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct." *Leach*, 891 F.2d at 1246. Defendant is therefore entitled to summary judgment on Plaintiff's Eighth Amendment claim about

4

Defendant's failure to act with regard to the false drug smuggling allegations, discrimination, and harassment allegedly faced by Plaintiff.

*Procedural Due Process*

Defendant also alleges that he is entitled to summary judgment on Plaintiff's procedural due process claim regarding Defendant's denial of his request for a hearing. While Defendant argues that he is entitled to summary judgment based on his lack of personal involvement, the Court need not reach that issue. To prevail on a procedural due process claim, "an inmate must first demonstrate that he was deprived of 'life, liberty, or property' by government action." *Heard v. Caruso*, 351 Fed. Appx. 1, 7 (6th Cir. 2009), *citing Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff has not shown that he was deprived of a liberty interest in this case. Plaintiff does not allege that he was placed on any visitor restrictions as a result of these comments, and the evidence specifically indicates that he was not. *See* Doc. No. 1, Exhibit B-1. Plaintiff's conclusory allegation that the existence of these comments in the visitor tracking system may affect his future chances for parole also does not establish a liberty interest. Plaintiff does not include any evidence to show that these comments would have any effect on his chances for parole. Furthermore, even if Plaintiff was able to show that the administrative comments could affect his parole opportunities, the Sixth Circuit has recently held that an inmate does not have a liberty interest in parole itself under Michigan's parole system. *Crump v. Lafler*, __ F.3d __, 2011 WL 4359901, *9 (6th Cir. Sept. 20, 2011) ("There is no 'legitimate claim of entitlement to' parole, and thus no liberty interest in parole.") (internal quotation omitted). Defendant is therefore also entitled to summary judgment on Plaintiff's procedural due process claim.

*First Amendment Retaliation*

Defendant argues that he is entitled to summary judgment on Plaintiff's First Amendment retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

In this case, Defendant argues that Plaintiff has failed to show any of the three requirements for establishing a First Amendment retaliation claim. Doc. No. 45, p. 10 of 13. In his reply, Plaintiff states that he engaged in protected conduct when he filed grievances to exhaust his administrative remedies. Doc. No. 54, p. 2. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Burton v. Rowley*, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Plaintiff's filing of grievances therefore satisfies the first requirement of his retaliation claim.

Plaintiff's reply asserts that he has sufficiently alleged an adverse action by alleging "the inclusion of the negative, unsubstantiated allegations in the plaintiff [sic] record" which "may adversely affect [Plaintiff's] chances for parole, commutation, or pardon." Doc. No.

6

54, p. 2. Plaintiff, however, provides no evidence in support of his statement that the unsubstantiated allegations about him, which were found in the administrative comments of his visitor tracking file, have been "spread" or placed in his record. He also does not provide any evidence to support his assertion that the inclusion of such statements in his record could affect his parole, commutation, or pardon opportunities.

Even assuming that Plaintiff has successfully shown the existence of an adverse action, he fails to show a causal connection between the protected conduct and that adverse action. Plaintiff argues that a causal connection is established by the fact that the "negative unsubstaintiated [sic] allegations wasn't [sic] proliferated in [Plaintiff's] files until he started seeking redress for it." Doc. No. 54, p. 2. It is true that temporal proximity may be "significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive." *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (internal citation omitted). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 Fed. Appx. 579, 580 (6th Cir. 2004); *see also Brandon v. Bergh*, 2010 WL 188731, at *1 (W.D. Mich. Jan. 16, 2010) ("Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was 'significant enough.'"). In this case, Plaintiff fails to provide any more than a conclusory allegation of temporal proximity, which the Court finds to be insufficient to establish a causal connection. Defendant is therefore entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

*Sovereign Immunity*

7

Defendant next argues that he is entitled to summary judgment on Plaintiff's official capacity claims against him because such claims are barred by the Eleventh Amendment. Doc. No. 20, p. 8. Any claims against Defendant in his official capacity do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, 1995 WL 564321 (6th Cir. Sept. 21, 1995). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), *overruled in part on other grounds by Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 731, 732 (1978) (state and board of corrections).[2] The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6t Cir. 1986). The Eleventh Amendment therefore bars official capacity suits for damages against its employees. Plaintiff's official capacity claims against Defendant are properly dismissed.

*Qualified Immunity*

Defendant claims that Plaintiff's individual capacity claims are barred by qualified immunity because Plaintiff has failed to show a violation of clearly established law.

---

[2] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether Plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999). If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009). As noted above, Defendant did not violate Plaintiff's constitutional rights. Accordingly, Defendant is entitled to qualified immunity.

*Conclusion*

A judgment will enter GRANTING Defendant's Motion for Summary Judgment [Doc. No. 44] and DISMISSING Plaintiff's complaint in its entirety.

9

Dated: 9/28/2011 /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge